IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

BETSY PELTO,

                        Plaintiff,                                         OPINION AND ORDER

      v.

                                                       11-cv-815-wmc

OFFICE OF THE REGIONAL
CHIEF COUNSEL, SOCIAL SECURITY
ADMINISTRATION,

                        Defendant.
_____

       This case raises a recurring jurisdictional oddity that arises out of the defendant's removal to federal court of a matter over which the state court never had jurisdiction known as "derivative jurisdiction doctrine." Here, while the Social Security Act grants exclusive jurisdiction to federal district courts to review final decisions of the agency, plaintiff originally sought relief from just such a final decision in Wisconsin Circuit Court. After defendant moved to vacate the default judgment entered by the state court, this case was removed to this court under 28 U.S.C. § 1442, because it lacks subject matter jurisdiction to hear this case. While the court will grant this relief, defendant's motion raises a more fundamental procedural defect that results in a disposition of the current case in an entirely unsatifying way. Indeed, because this court's jurisdiction derives from that of the state court from which the case was remanded, plaintiff's original complaint having been properly removed on grounds of federal subject matter jurisdiction, must be now dismissed for lack of jurisdiction, albeit without prejudice to her refiling it in this court.

BACKGROUND

This civil *pro se* action began in the Circuit Court for Dane County, Wisconsin on October 20, 2011, when plaintiff Betsy Pelto filed a complaint against defendant Social Security Administration in small claims court, seeking $10,000 in "back pay" for her disabled daughter. (Dkt. #5, exh. 2). The complaint was served on defendant on November 4, 2011. (*Id.*, exh. 5.) The circuit court clerk entered default judgment against defendant on November 28, 2011. (*Id.*, exh. 7.)

On December 5, 2011, defendant timely filed a notice of removal under 28 U.S.C. § 1442(a)(1), which permits removal of an action against "[t]he United States or any agency thereof . . . sued . . . on account of any right, title or authority claimed under any Act of Congress for . . . the collection of the revenue." After this court granted an extension to answer the complaint, defendant moved to vacate the state court judgment under Fed. R. Civ. P. 60(b) on the grounds that the state court never had jurisdiction over what is actually an appeal from the denial of Social Security benefits. (Dkts. ##7, 11. In the same motion, defendant also seeks dismissal under Fed. R. Civ. P. 12(b)(1) on the ground that plaintiff's appeal was not timely filed. Plaintiff has not responded to the motion.

OPINION

I. Motion to Vacate

After an action is removed from state to federal court, the district court acquires full and exclusive subject-matter jurisdiction over the litigation. 14C Charles Alan Wright, Arthur R. Miller, Edward H. Cooper & Joan E. Steinman, *Federal Practice and Procedure* § 3738, p. 692

(2009). "The case will proceed as if it originally had been brought in the federal court" and will be governed by the Federal Rules of Civil Procedure and all other provisions of federal law relating to procedural matters. *Id.*, p. 692-98; Fed. R. Civ. P. 81(c); *Alonzi v. Budget Const. Co.* 55 F.3d 331, 333 (7th Cir. 1995).

In either a Wisconsin or federal court, a judgment may be vacated if it is void. Fed. R. Civ. P. 60(b)(4); Wis. Stat. § 806.07(1)(d); *In re Edwards*, 962 F.2d 641, 644 (7th Cir. 1992) (courts will treat judgment as void when jurisdictional error is "egregious"). In addition, a default judgment may be vacated under Rule 60(b)(1) and corresponding Wis. Stat. § 806.07(1)(a) if the moving party demonstrates: (1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint. *Wehrs v. Wells*, 688 F.3d 886, 890 (7th Cir. 2012); *see also J.L. Phillips & Associates, Inc. v. E & H Plastic Corp.*, 217 Wis. 2d 348, 356-57, 577 N.W.2d 13, 17 (Wis. 1998) (Wisconsin similarly requires showing that judgment was obtained as result of mistake, inadvertence, surprise or excusable neglect and party seeking relief has meritorious defense to action). Defendant meets the required showing under either standard.

Social Security records (*see* dkt. #11) show that on April 29, 2010, an administrative law judge denied Pelto's claim for supplemental security income (SSI) benefits on behalf of her daughter, Camellia Rose Smith, and the decision became final when the Appeals Council denied Pelto's request for review on April 29, 2011, *see* 20 C.F.R. § 416.1481. As noted by defendant, the Agency's final decision is subject to review under 42 U.S.C. § 405(g), which requires a plaintiff to bring a civil action "in the district court of the United States for the judicial district in which the plaintiff resides." The Social Security Act further provides that "[n]o findings of

3

fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided."  42 U.S.C. § 405(h).

As a result, the Dane County Small Claims Court lacked subject matter jurisdiction in this case, rendering the default judgment void.  *See U.S. v. Tittjung*, 235 F.3d 330, 335 (7th Cir. 2000) ("To be egregious, and thus void under Rule 60(b)(4), the error must involve a clear usurpation of judicial power, where the court wrongfully extends its jurisdiction beyond the scope of its authority.").  Even if the state court had subject matter jurisdiction, defendant took quick action to correct the mistake by removing the case to federal court within 30 days and had good cause for the default given the understandable surprise in being sued over an SSI disposition in state small claims court and subject to an abbreviated response deadline. Further, defendant has a meritorious defense because the state court lacked jurisdiction to decide this case.[1]

## II.  Motion to Dismiss

Pursuant to Fed. R. Civ. P. 12(b)(1), defendant moves to dismiss plaintiff's complaint under the derivative jurisdiction doctrine, which dictates that when a case is removed to a federal district court under 28 U.S.C. § 1442, the federal court acquires only the jurisdiction that the state court had before the case was removed.  *See Rodas v. Seidlin*, 656 F.3d 610, 615 (7th Cir. 2011); *Edwards v. United States Dep't of Justice*, 43 F.3d 312, 316 (7th Cir. 1994).

---

[1] Defendant also maintains that plaintiff's SSI appeal was untimely.  According to the April 29, 2011, notice accompanying the Appeals Council's denial of review, plaintiff had 65 days (including five days for mailing) to file an appeal in federal court.  (Dkt. #11, exh. 2.) Defendant later notified plaintiff on September 13, 2011, that it was granting her a 30-day extension, or until October 18, 2011, to file her appeal.  (*Id.*, exh. 3.)  Plaintiff filed her complaint in state court on October 20, 2011, two days after the deadline.

Because the state court lacked jurisdiction over the subject matter in this case, defendant argues this court also lacks subject matter jurisdiction to hear plaintiff's appeal.

Bewildering as this result is to the court, and no doubt even more so to plaintiff, it seems that defendant is correct. Although "the doctrine has been criticized a great deal over the course of many years" and has been abrogated with respect to other removal provisions, it remains valid with respect to § 1442. *Rodas*, 656 F.3d at 618-19 (citing *Washington v. Am. League of Prof'l Baseball Clubs*, 460 F.2d 654, 658–59 (9th Cir. 1972) ("This is the kind of legal tour de force that most laymen cannot understand, particularly in a case where the federal court not only has subject matter jurisdiction, but has exclusive subject matter jurisdiction."); and 14B Charles Alan Wright, et al., Federal Practice and Procedure § 3722, at 339–42 (4th ed. 2009)). In recognition of the oddity of this outcome, the Court of Appeals for the Seventh Circuit has even recognized a limited exception to this rule where the motion to dismiss is made after removal, but only in the context of a case where the dispute has proceeded to a disposition on the merits. *See Rodas*, 656 F.3d at 619-25. The *Rodas* exception does not appear to apply in this case where no substantive matters have as yet been addressed, much less resolved on the merits. Tempting though it may be to extend the reasoning of *Rodas* to the circumstances here, this slow creep against the doctrine is for the federal courts of appeals to make, not this court. As a result, the derivative jurisdiction doctrine prevents this court from acquiring jurisdiction subsequent to removal and plaintiff's claim must be dismissed for lack of jurisdiction.

Although plaintiff may refile her complaint in federal court by paying a separate filing fee, she would still need to clear the hurdle identified by defendant with respect to the statute of limitations, which appears to have expired on October 18, 2011. *See discussion, supra*, at p.7,

n.B. Because "the 60-day requirement is not jurisdictional, but rather constitutes a period of limitations," it is subject to equitable tolling. *Bowen v. City of New York*, 476 U.S. 467, 478 and 480-81 (1986) (citations omitted). Under the doctrine of equitable tolling, a person's failure to file a civil complaint within the time specified may be *excused* if the person can show that she (1) she was pursuing his rights diligently, and (2) that an extraordinary circumstance beyond her control stood in her way. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (citing *Irwin v. Dept. of Veterans Affairs*, 498 U.S. 89, 96 (1990)). Although this court may be inclined to toll the limitations period from the time plaintiff filed her complaint in state court and the dismissal of the case in this court given the harshness of the result under the derivative jurisdiction doctrine here, plaintiff would still have to explain why she waited to file her complaint in state court until two days *after* the expiration of her filing period. Plaintiff should be aware that the lack of legal expertise is not a basis for equitable tolling. *Tucker v. Kingston*, 538 F.3d 732, 735 (7th Cir. 2008); *but see Carver-Thomas v. Astrue*, Case No. 11-cv-797-bbc (W.D. Wis. May 22, 2012) (emergency hospitalization of plaintiff's mother and unexpected courthouse closing considered matters outside plaintiff's control that justified equitable tolling). An alternative would be to begin again before the Social Security Administration but this would likely mean a loss of any claimed right to benefits before then.

    Obviously, this court is not in a position to advise plaintiff with respect to the best course of action, but would encourage her to *promptly* seek the assistance of legal counsel to decide how she wishes to proceed.

ORDER

IT IS ORDERED that defendant's motion to vacate the state court judgment and dismiss this action pursuant to Fed. R. Civ. P. 12(b)(1) is GRANTED. The clerk of court is directed to vacate the state court default judgment, enter judgment in favor of defendant and close this case.

Entered this 18th day of September, 2013.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge